## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KENT MATERIALS, LLC**                           **CIVIL ACTION**

**VERSUS**                                         **NO. 16-194-SDD-EWD**

**DIRT WORKS, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 11, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENT MATERIALS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-194-SDD-EWD** |
| **DIRT WORKS, INC.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Kent Materials, LLC.[1]  The Motion is opposed.[2]  For the following reasons, the undersigned recommends that the Motion be **DENIED.**

### Factual and Procedural Background

On or about January 28, 2016, Plaintiff filed a Petition for Breach of Contract against Dirt Works, Inc. ("DWI") in the 18th Judicial District Court for the Parish of Pointe Coupee, Louisiana.[3] According to the Petition, Plaintiff and DWI entered into a truck hauling contract on or about July 9, 2014, in which DWI agreed to pay Plaintiff "$80.00 per hour for each hour and $100.00 per diem for each truck that runs at least 75% of the day."[4]  Plaintiff asserts that Hunt Gilliland signed the contract on behalf of DWI and that at the end of each workday, a representative of DWI signed off on each ticket presented by Plaintiff.  In the Petition, Plaintiff alleges that Gilliland, acting on behalf of DWI, conspired to commit fraud and sought to intentionally and fraudulently deprive Plaintiff of numerous hours of work by reducing the hours submitted via invoice from Plaintiff to DWI.[5]  Plaintiff claims it brought the reduction of hours to DWI's attention, but DWI refused to

---

[1] R. Doc. 6.
[2] R. Doc. 10.
[3] R. Doc. 1-1.
[4] R. Doc. 1-1 at 2.
[5] R. Doc. 1-1 at 2.

pay the originally agreed upon amount.  Plaintiff asserts DWI intentionally and unjustly withheld the correct invoice amount in an attempt to commit fraud by knowingly paying Plaintiff less than the contracted amount.[6]  Plaintiff alleges that it contacted DWI several times and has yet to receive any response from DWI regarding payment.  Plaintiff alleges that Gilliland, acting on behalf of DWI, conspired to commit fraud under La. C.C. art. 1953, and has acted to permanently deprive Plaintiff of $70,000, as provided in the contract.[7]  Plaintiff further asserts that it is entitled to a judgment ordering DWI to pay Plaintiff "the amount of the signed contractual agreement and based on each and every invoice before it was fraudulently changed, as well as court costs, attorney's fees and judicial interest from the time of initial demand" and the prayer for relief requests "such damages as are reasonable in the premises."[8]

On March 24, 2016, DWI filed a Notice of Removal, seeking to remove the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.[9]  In the Notice of Removal, DWI asserts there is complete diversity because Plaintiff is a citizen of Louisiana and DWI is a citizen of Mississippi.[10]  DWI further asserts that despite Plaintiff's allegation in the Petition that DWI "acted to permanently deprive Plaintiff of $70,000," the particular invoice at issue, referenced in Plaintiff's Petition, is in the amount of $78,908.  DWI submitted a copy of the invoice with the Notice of Removal.[11]  Thus, DWI asserts the amount in controversy exceeds $75,000.  DWI further asserts that Plaintiff also seeks attorney's fees and other unspecified damages in addition to the

---

[6] R. Doc. 1-1 at 3.
[7] R. Doc. 1-1 at 3.
[8] R. Doc. 1-1 at 3.
[9] R. Doc. 1.  DWI asserts the Notice of Removal was timely filed within 30 days of receipt of the Petition on March 11, 2016 via FedEx.  DWI included a copy of the FedEx label showing the date of receipt with its Notice of Removal. (R. Doc. 1-1 at 5).
[10] DWI asserts that Plaintiff is a trade name registered to Kent & Smith Holdings, LLC, and that all of the members of Kent & Smith Holdings, LLC are domiciliaries of Louisiana.  DWI also asserts that its state of incorporation and principal place of business are in Mississippi.  (R. Doc. 1 at 2).
[11] R. Doc. 1-3.

$70,000 mentioned in the Petition and if Plaintiff prevails, it is plausible that Plaintiff may be awarded $5,000 in attorney's fees.  Thus, the amount in controversy, including attorney's fees, exceeds $75,000.

On April 21, 2016, Plaintiff filed the instant Motion to Remand, asserting that removal was improper because it is "facially apparent" from the Petition that the amount in controversy does not exceed $75,000.[12]  Although DWI claims the invoice in dispute exceeds $75,000, Plaintiff maintains that the amount in dispute was clearly stated in the Petition in the amount of $70,000. Plaintiff further asserts that DWI cannot meet its burden of proving by a preponderance of evidence that the amount in controversy at the time of removal exceeded $75,000.  Plaintiff claims that the Notice of Removal does not allege that it is facially apparent from the Petition that the matter is removable and that DWI reached that conclusion by arguing that the original invoice amount satisfies the "facially apparent" requirement.[13]  Plaintiff also asserts that it is entitled to attorney's fees for having to respond to the improvident removal because DWI filed a "bare bones" and "frivolous" Notice of Removal that lacks merit.[14]

In opposition, DWI maintains that the true amount in controversy exceeds $75,000 based on a September 9, 2014 invoice showing an amount of $78,908 allegedly due to Plaintiff.[15]  DWI also asserts that Plaintiff has alleged bad faith breach of contract and fraud and is seeking all damages arising therefrom.  Thus, Plaintiff seeks $70,000 worth of contract billing plus reasonable damages in connection with the alleged fraud and bad faith breach of contract claims.[16]  Based on the potential damages allowed for fraud or bad faith breach of contract under Louisiana law[17] and

---

[12] R. Doc. 6.
[13] Plaintiff does not address the difference between the amount alleged in the Petition and the amount of the invoice.
[14] R. Doc. 6-2 at 4-5.
[15] R. Doc. 10 at 2 (*citing* R. Doc. 10-3 at 2).
[16] R. Doc. 10 at 6.
[17] *See* La. C.C. art. 1997 ("[A]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.").

Plaintiff's pre-suit demand for an amount in excess of $75,000, DWI asserts it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.  DWI further asserts that there is no dispute in this circuit that attorney's fees may be included in determining the jurisdictional amount and that Plaintiff's invoice provides that Plaintiff will be entitled to collect 25% of its attorney fees if payment of the ticket is referred to an attorney.[18] Thus, even if Plaintiff is only claiming $70,000 of contractual billing, DWI maintains that the attorney fee provision, if found applicable, would allow Plaintiff to receive an additional 25% of $70,000, or $17,500, in attorney's fees, which clearly exceeds the $75,000 jurisdictional threshold.

DWI further asserts that once a defendant shows the amount in controversy exceeds the jurisdictional amount and removal is proper, the burden shifts to the plaintiff to show that it is legally certain the amount in controversy is less than $75,000.[19]  DWI claims that Plaintiff has not cited any state law in the Petition that would limit Plaintiff's recovery to less than $75,000 and Plaintiff did not attach to its Petition or Motion to Remand a binding stipulation limiting its recovery to less than $75,000 in state court if the case is remanded.  Thus, Plaintiff is unable to establish to a legal certainty that the amount in controversy is less than $75,000.

---

[18] R. Doc. 10 at 9; *See* R. Doc. 10-4.  Although DWI asserts the attorney fee provision is contained in Plaintiff's invoice, the provision is actually contained on Plaintiff's delivery tickets.  DWI submitted a copy of several such tickets with its opposition memorandum.  (R. Doc. 10-4).  An affidavit submitted by DWI with its opposition memorandum explains that "Prior to receipt of the September 9, 2014 Statement, Dirtworks received several invoices or supporting delivery tickets from Kent Materials which are itemized in the September 9, 2014 Statement.  A true and correct copy of a sample of those invoices/delivery tickets is attached hereto as Exhibit '3.'"  (R. Doc. 10-1).

[19] R. Doc. 10 at 9 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).  Although DWI describes it as a burden shifting equation, the Fifth Circuit expressly stated in *De Aguilar*, "We emphasize that this is not a burden-shifting exercise.  In light of *St. Paul Mercury*, plaintiff must make all information known at the time he files the complaint."  47 F.3d at 1412; *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

**Applicable Law and Analysis**

**A. DWI has shown by a preponderance of evidence that the amount in controversy exceeds $75,000.**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.  La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999).  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993)).  The defendant may make the requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-

that support a finding of the requisite amount.  *Grant v. Chevron Phillips Chem. Co*., 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).  If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  *Id*.; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A*., 988 F.2d 559, 565 (5th Cir. 1993).  However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.  *Gebbia*, 233 F.3d at 883.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.  *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Here, it is not facially apparent from the Petition that Plaintiff's claims will exceed the jurisdictional amount of $75,000, exclusive of interests and costs.  In the Petition, Plaintiff alleges that DWI "acted to permanently deprive Kent Materials of seventy thousand dollars ($70,000.00) as provided in the contract."[20]  The Court must, therefore consider whether DWI has met its burden of proving, through summary judgment type evidence that the amount in controversy in this case is likely to exceed $75,000.  As mentioned above, DWI provided an invoice from the Plaintiff that shows an amount of $78,908.00 as the balance owed by DWI as of September 9, 2014.[21]  DWI

---

[20] R. Doc. 1-1 at 3.
[21] R. Doc. 1-3.

claims this is the invoice at issue and referenced in Plaintiff's Petition, which shows that the true amount in dispute exceeds $75,000. DWI further asserts that the amount demanded in the Petition is not a legitimate estimate of damages because Plaintiff seeks $70,000 in contract damages plus damages in connection with the alleged fraud and bad faith breach, which includes "all the damages, foreseeable or not, that are a direct consequence" of DWI's failure to perform.[22] Plaintiff also seeks attorney's fees, which are specifically provided for in the contract between Plaintiff and DWI[23] and in each delivery ticket submitted by Plaintiff to DWI.[24] Thus, if a dispute arises over payment of a delivery ticket, Plaintiff is entitled to 25% of the attorney fees incurred to litigate the issue.[25]

The Court finds the facts of this case analogous to those in *De Aguilar v. Boeing Co.*, in which the Fifth Circuit concluded that the plaintiffs, in an effort to avoid removal, specifically alleged that their damages would not exceed the federal jurisdictional amount. 47 F.3d 1404, 1408 (5th Cir. 1995). Despite plaintiffs' allegations regarding the amount in controversy, the court in *De Aguilar* held that if a defendant can show by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court petition. *Id.* at 1411. The court explained that, "Such a rule is necessary to avoid the sort of manipulation that has occurred in the instant case." *Id.* Since the plaintiffs failed to show that the applicable state law limited the damages recoverable to an amount below the federal jurisdictional threshold, the court concluded that the plaintiffs failed to defeat removal jurisdiction. *Id.* at 1412-13.

---

[22] R. Doc. 10 at 8; *See* La. Code Civ. P. art. 1997.
[23] R. Doc. 10-2 at 7.
[24] R. Doc. 10-4.
[25] *Id.*

Like in *De Aguilar*, the Court finds that Plaintiff alleged that its damages are $70,000, which is below the federal jurisdictional minimum.  DWI, however, has shown by a preponderance of the evidence that the amount in dispute actually exceeds the jurisdictional amount of $75,000. First, DWI alleges that the particular invoice or "statement" at issue and referenced in Plaintiff's Petition is a September 9, 2014 invoice that shows a "Balance Due" by DWI of $78,908.[26]  Plaintiff has not disputed this assertion.  Plaintiff has also alleged bad faith breach of contract and fraud in its Petition and seeks "such damages as are reasonable in the premises."[27]  DWI asserts that under Louisiana Civil Code article 1997, "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."[28]  DWI also asserts that Plaintiff may not specify an amount of damages as it relates to the fraud or bad faith claim because Louisiana Code of Civil Procedure article 893(1) provides:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  *The prayer for relief shall be for such damages as are reasonable in the premises* except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

La. C.Civ.P. art. 893(A)(1) (emphasis added).  Given the potential damages allowed for fraud or bad faith breach of contract and the fact that Plaintiff has previously demanded an amount in excess of $75,000, DWI asserts it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.[29]

---

[26] R. Doc. 1-3; *See* R. Doc. 10-3.
[27] R. Doc. 1-1 at 3.
[28] La. Civ. Code art. 1997.
[29] R. Doc. 10 at 8.

DWI further asserts that Plaintiff seeks attorney's fees, which can also be included in determining the jurisdictional amount.   DWI claims that Plaintiff's invoice[30] provides the following:

> Terms: 10th Prox.  A service charge of 1½ % per month will be made on all accounts not paid within 15 days after the closing date of the statement.  This is 18% annually, $0.50 min. charge.  Plus 25% attorney fees, if referred to an attorney.  This ticket subject to correction if in error.[31]

DWI argues that even if Plaintiff is only seeking $70,000 of contractual billing charges, the attorney fee provision, if found applicable, would entitle Plaintiff to an additional 25% of $70,000, or $17,500, in attorney's fees, which, when combined with the contractual billing damages claimed, also exceeds the $75,000 jurisdictional threshold.  Further, the contract between Plaintiff and DWI provides that, "The prevailing PARTY in any dispute arbitrated under this AGREEMENT shall be awarded from the other PARTY all reasonable costs and expenses so incurred, including, without limitation, expert witness fees and attorney's fees as to be determined by the Arbitration Panel."[32]

"Generally, attorneys' fees are not considered a part of the amount in controversy because the successful party does not typically collect his attorneys' fees."  *Quebe v. Ford Motor Co*., 908 F. Supp. 446, 449 (W.D. Tex. 1995) (citations omitted).  "However, when attorneys' fees are provided by contract or a statute mandates or allows payment of such fees, attorneys' fees are

---

[30] Although DWI refers to an invoice, the attorney fee provision quoted by DWI is actually contained on Plaintiff's delivery tickets.  (*See* R. Doc. 10-4).

[31] R. Doc. 10 at 9.

[32] R. Doc. 10 at 9 (*citing* R. Doc. 10-2 at 7).  The same paragraph of the contract also provides that, "if any dispute arises between [the PARTIES] as to any of the provisions contained in this AGREEMENT, then said dispute shall be submitted to binding arbitration, in Mississippi . . . ." (*Id.*).  Neither party has alleged that this dispute should be submitted to arbitration and the Eastern District of Louisiana has recently held that the issue of arbitration cannot be raised *sua sponte. TWTB, Inc. v. Rampick*, 2016 WL 4131081, at *3 (E.D. La. Aug. 3, 2016) ("This Court has found no cases within the Fifth Circuit where courts treated a motion to dismiss as a motion to compel arbitration, nor has it found a case where a court compelled arbitration *sua sponte*.").

considered part of the amount in controversy for jurisdictional purposes." *Id.* (citing *Department of Recreation v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1979); *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) ("In determining whether attorney's fees should be included in calculating the amount in controversy for purposes of 28 U.S.C. §§ 1331 and 1332, courts have consistently held that although attorney's fees are generally not included, attorney's fees should be included where they are provided for by contract or statute.").  Thus, "Attorney's fees should be included in the amount in controversy determination if those fees are sought according to the contract at issue." *Michael Strickland & Associates, LLC v. Travis Lumber Co.*, 2009 WL 3398884, at *2 (S.D. Miss. Oct. 19, 2009) (citing *Graham*, 640 F.2d at 736).

Here, Plaintiff seeks recovery of attorney's fees.[33]  Although there does not appear to be an attorney fee provision in the contract between the parties, Plaintiff's delivery tickets do contain a provision for the recovery of attorney's fees.  Thus, the amount of the attorney's fees are considered part of the amount in controversy.  The Court finds that based on the amount previously demanded by Plaintiff, as demonstrated by the September 9, 2014 invoice showing a "Balance Due" of $78,908, as well as the potential damages allowed for fraud or bad faith breach of contract and the potential award of attorney's fees, DWI has met its burden of showing by a preponderance of evidence that the amount in controversy exceeds the federal jurisdictional amount of $75,000.

### B.  Plaintiff has not shown that it is legally certain its claim is really for less than the jurisdictional amount to justify remand.

In *De Aguilar v. Boeing Co*, the Fifth Circuit explained that a plaintiff's claim regarding the amount in controversy "remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional

---

[33]  R. Doc. 1-1 at 3.

amount." 47 F.3d 1404, 1412 (5th Cir. 1995).   Once a defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).   Although DWI asserts that once it is shown by preponderance of the evidence that the amount in controversy is met, the burden shifts to the plaintiff, the court in *De Aguilar* emphasized that, "this is not a burden-shifting exercise.   In light of *St. Paul Mercury*, plaintiff must make all information known at the time he files the complaint."   *De Aguilar*, 47 F.3d at 1412.   The court explained:

> Plaintiff's "legal certainty" obligation might be met in various ways; we can only speculate, without intimating how we might rule in such case.   Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment.   Absent such a statute, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."   *In re Shell Oil Co.*, 970 f.2d 355, 356 (7th Cir. 1992) (per curiam).

*De Aguilar*, 47 F.3d at 1412.

In the instant case, Plaintiff has not shown to a legal certainty that its claim is really for less than the federal jurisdictional amount.   Plaintiff has not pointed to a state law that limits its recovery to an amount below the federal jurisdictional threshold, nor did Plaintiff submit with its state court Petition a binding stipulation or affidavit stating that Plaintiff is not seeking damages in excess of the federal jurisdictional amount.   In the Motion to Remand, Plaintiff merely asserts that, "While the original invoice may exceed $75,000.00 the amount in dispute was clearly stated in the amount of $70,000.00."[34]   Plaintiff chose not to file a reply memorandum addressing DWI's

---

[34] R. Doc. 6-2 at 1.

assertion that the amount in controversy actually exceeds the federal jurisdictional amount. The Fifth Circuit in *De Aguilar* determined that a plaintiff's allegation that his damages do not exceed the federal jurisdictional amount is insufficient to meet the legal certainty test. The court held, "Here, the plaintiffs, in a bold effort to avoid federal court, have specifically alleged that their respective damages will not exceed the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409-10 (5th Cir. 1995). The inquiry, however, does not end merely because the Plaintiff alleges damages below the threshold. Plaintiff cannot merely rest on the allegation that its damages are $70,000. Accordingly, the Court finds Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed the federal jurisdictional amount.

### C.  There is no dispute that the parties are completely diverse.

"In order for a federal court to assert diversity jurisdiction, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991) (citations omitted). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (*quoting* 2A Moore's Federal Practice ¶ 8.10, at 1662). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford*, 945 F.2d at 805.

Here, DWI alleges that there is complete diversity in this case because the Plaintiff is a citizen of Louisiana and DWI is a citizen of Mississippi.[35] Specifically, DWI asserts that Plaintiff is a trade name registered to Kent & Smith Holdings, LLC, and that all of the members of Kent &

---

[35] R. Doc. 1 at 2.

Smith Holdings, LLC are domiciliaries of Louisiana.   DWI also asserts that its state of incorporation and principal place of business are in Mississippi.[36]   Plaintiff does not contest the allegations of citizenship in its Motion to Remand and chose not to file a reply memorandum addressing the issue.   The Court, therefore, has no choice but to rely on DWI's allegations regarding citizenship.   As such, the Court finds that DWI has shown that complete diversity exists between the parties, in accordance with 28 U.S.C. § 1332(a).

## Conclusion

Based on the foregoing, DWI has met its burden of proving that the Court has subject matter jurisdiction over the claims asserted by Plaintiff based upon diversity jurisdiction under 28 U.S.C. § 1332.   Although it is not facially apparent from the Petition that Plaintiff's claims exceed the federal jurisdictional amount, DWI has shown by a preponderance of evidence that the amount in controversy exceeds $75,000 by submitting a September 9, 2014 invoice from Plaintiff showing an outstanding balance of $78,908 allegedly owed by DWI, by showing that Plaintiff may recover additional damages for fraud or bad faith breach of contract, and by showing that Plaintiff has the potential to recover attorney's fees pursuant to an attorney fee provision in Plaintiff's delivery tickets.   Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed the federal jurisdictional amount.   DWI has also shown that there is complete diversity between the parties, pursuant to 28 U.S.C. § 1332(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand[37] should be **DENIED**.   As the Court finds the basis for removal was proper, the Plaintiff's request for fees under 28 U.S.C. § 1447(c) should also be **DENIED.**

---

[36] *Id.*
[37] R. Doc. 6.

It is also the recommendation of the magistrate judge that a Scheduling Conference be set twelve (12) weeks from the date of this Report and that the parties' Status Report be due ten (10) weeks from the date of this Report.

Signed in Baton Rouge, Louisiana, on August 11, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**